UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:07-cr-00571-GEB-5 |
| Plaintiff, | |
| v. | **ORDER** |
| GENERO LUNA, | |
| Defendant. | |

On August 11, 2014, Defendant filed, in pro per, a Motion for Reduction and/or Modification of his Sentence under 18 U.S.C. § 3582(c)(2). (ECF No. 367.) In essence, Defendant argues a retroactive amendment to the Sentencing Guidelines, resulting in a reduction of his base offense level by two levels, and his rehabilitation efforts justify a reduction and/or modification of his sentence.

The government opposes Defendant's modification motion, rejoining "the defendant's motion is premature, and the Court is currently without authority to grant it." (Gov't Opp'n 1:25-26.) The government argues:

> The defendant . . . seek[s] a reduction in his sentence on the basis of proposed Amendment 782 to the Sentencing Guidelines, which if implemented will revise the Drug Quantity Table in USSG § 2D1.1 and reduce by two levels the offense level applicable to many drug trafficking offenses. . . .

1

> Amendment 782 is not yet effective. The amendment will become effective on November 1, 2014, if Congress does not act before that time to modify or disapprove it. Even then, if the amendment becomes effective, no defendant may be released on the basis of the retroactive amendment before November 1, 2015. Thus, there will be ample time for consideration of the defendant's motion if and when the amendment becomes effective.

(Id. at 120-2:3.) The government further argues: "[D]efendant also cites to his post-sentencing rehabilitation efforts as a basis to reduce his sentence. By itself, that factor does not appear to be an appropriate basis to modify a sentence under Section 3582(c)." (Id. at 4 n.3.)

Defendant's modification motion is premised upon an amendment to the Sentencing Guidelines that has not yet taken effect. Further, Defendant has not shown that his rehabilitation efforts permit a reduction of his sentence. Therefore, Defendant's motion to modify and/or reduce his sentence is denied. See United States v. Edwards, --- F. App'x ----, 2014 WL 4346754, at *1 n.1 (9th Cir. 2014) (stating "it is preferable for [the defendant] to file a motion for reduction of sentence under 18 U.S.C. § 3582(c)(2)[, which is premised upon Amendment 782,] after the Amendment goes into effect").

Dated: September 22, 2014

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

2